UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JUDITH HESTERLY,

Plaintiff,

v.

LEONARDO MARK BUSTAMANTE, PFG TRANSCO INC., DOES 1-10

Defendants.

Case No. 3:23-cv-00383-ART-CSD

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT (ECF No. 43)

Plaintiff Judith Hesterly brings this suit against Defendants Leonardo Mark Bustamante and PFG Transco, Inc. alleging personal injuries arising out of a motor vehicle accident on July 27, 2021. (ECF No. 1-2 at 3.) Before the Court is Defendants' Motion for Summary Judgment. (ECF No. 43.)

## I.    Legal Standard

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). The Court views the evidence and reasonable inferences in the light most

favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**II.      Analysis**

Defendants move for summary judgment on Plaintiff's second, third, fourth, and fifth causes of action for negligence per se, respondeat superior, and alter ego liability. Defendants argue that negligence per se and respondeat superior are theories of liability, not separate causes of action, and that  alter ego liability does not apply in this case. (ECF No. 43 at 3.) Plaintiff does not dispute summary judgment on its claims under negligence per se or alter ego liability, but argues that respondeat superior is a separate cause of action under Nevada law. (ECF No. 44 at 3-4.) The Court agrees with Defendant, and grants summary judgment.

a. **Negligence Per Se is Not a Cause of Action Under Nevada Law**

Negligence per se is not cognizable as a standalone cause of action under Nevada law. "Under Nevada law, negligence per se is not a separate cause of action, but rather a method of establishing the duty and breach elements of a negligence claim." *Goforth v. Nevada Power Co.*, 101 F. Supp. 3d 975, 978 (D. Nev. 2015) (citing *Cervantes v. Health Plan of Nevada, et al.*, 263 P.3d 261, 264 n. 4 (Nev. 2011) ("negligence and negligence per se ... are in reality only one cause of action")).

Because there is no separate cause of action in Nevada for negligence per se, the Court does not have jurisdiction to hear that portion of the claim. Plaintiff also does not dispute that negligence per se is not a separate cause of action. (ECF No. 44 at 3.) The Court therefore grants Defendants' Motion for Summary Judgment as to Plaintiff's claims for negligence per se. Plaintiff may assert that the theory of negligence per se applies within the context of her negligence claim.

b. **Respondeat Superior is Not a Cause of Action Under Nevada Law**

Respondeat superior is also best construed as a theory of liability not an independent cause of action. *Gonzalez v. Nev. Dep't of Corr.*, No. 2:12-cv-02143-

RFB-CWF, 2015 WL 4711108, at *7 ("Respondeat superior is better understood as a theory of liability than as an independent cause of action ... [c]ourts in this district have routinely dismissed respondeat superior and vicarious liability causes of action for this reason."); *Troiano v. Walmart, Inc.*, No. 222CV260JCMNJK, 2024 WL 643042, at *4 (D. Nev. Feb. 14, 2024) (same). The Court therefore grants Defendants' Motion for Summary Judgment as to Plaintiffs' separate cause of action for respondeat superior. Plaintiff may assert that the theory of respondeat superior applies within the context of her negligence claim against Defendants.

c. **Plaintiff States She Has "No Facts" To Support Alter Ego Liability**

Finally, alter ego liability is not relevant to this case, which addresses when an individual can be held liable for injuries caused by a corporation where evidence shows that a stockholder or officer used the corporate form to escape personal liability. *See Takiguchi v. MRI Intern., Inc.*, 47 F. Supp. 3d 1100, 1122 (D. Nev. 2014). In her Opposition, Plaintiff states that she has "no facts" to support her theory of alter ego liability. (ECF No. 44 at 4.) Therefore, there is no genuine dispute of material fact that supports alter ego liability in this case. The Court grants summary judgment on this claim.

**III.   Conclusion**

It is therefore ordered that Defendant's Motion for Summary Judgment (ECF No. 43) is GRANTED regarding Plaintiff's Second, Third, Fourth, and Fifth Causes of Action. Plaintiff's claim for negligence can proceed on theories of negligence per se and respondeat superior liability.

//

//

//

//

3

Dated this 3rd day of March, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE